IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

BRIAN K. BATTLES,

        Defendant.
_____/

CIV. NO. S-99-2055 EJG
CR. NO. S-96-0077 EJG

ORDER DENYING RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT

    Defendant, a federal prisoner proceeding pro se, has filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) and 60(b)(6). After reviewing the record and the documents filed in connection with the motion, and for the reasons that follow, the motion is DENIED.

BACKGROUND

    Defendant was convicted after a jury trial of possession with intent to distribute crystal methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and of accessory after the fact in violation of 18 U.S.C. § 3. He was sentenced May 19, 1997 to a total term of incarceration of

1

1  292 months, and a term of five years supervised release.
2  Defendant's conviction and sentence were affirmed by the Ninth
3  Circuit Court of Appeals in an unpublished memorandum
4  disposition.  <u>United States v. Fredericks</u>, No. 97-10242 (9th
5  Cir., filed May 21, 1998).  His petition for certiorari was
6  denied by the United States Supreme Court on October 5, 1998.
7  <u>Battles v. United States</u>, 119 S.Ct. 265 (1998).  Defendant next
8  filed a motion to vacate, set aside or correct his sentence,
9  pursuant to § 2255 of Title 28, which was extensively litigated
10 over the course of several years and two courts, culminating in
11 an order filed March 15, 2007 by the Ninth Circuit Court of
12 Appeals denying defendant's request for a certificate of
13 appealability to challenge the district court's denial of his
14 amended § 2255 motion.  Undaunted, defendant has filed the
15 instant motion in yet another attempt to end his imprisonment.

## DISCUSSION

Instead of directly attacking his ***criminal conviction***, the
defendant brings this motion pursuant to Rule 60(b)(4) and (b)(6)
of the Federal Rules of Civil Procedure and challenges the
"fairness and integrity" of the ***civil*** § 2255 proceeding.
Specifically, defendant alleges that during the post-conviction
evidentiary hearing (held on May 6 and June 3, 2005) the court
erroneously relied on the government's version of the facts and
the court's own personal notes, and failed to allow defendant to
fully develop a particular claim, resulting in a hearing "flawed

2

with cumulative imprecision as to the factual facts", and a denial of due process.

In general, section 2255 of Title 28 of the United States Code provides the sole basis for a person under sentence of federal law who claims the sentence was imposed in violation of federal law, or without jurisdiction, or in excess of the maximum sentence allowed by law, to seek relief from that conviction and sentence.  It is the equivalent of a petition for writ of habeas corpus and seeks relief from the effects of a federal conviction. Defendant has already utilized this method, without success.  A second, or successive § 2255 motion may only be brought if certified by an appellate court to meet certain stringent requirements, none of which are present here.  By seeking relief under Federal Rule of Civil Procedure 60(b), defendant hopes to avoid the mandates of a second motion under § 2255.  However, the fact that federal habeas relief is made more difficult by the "second" or "successive" petition rule, does not mean an alternate route to the same goal is available by reliance on a different procedural vehicle, namely civil Rule 60(b).  In fact, the federal rules of *civil* procedure may be used in the context of habeas proceedings only to the extent they are not inconsistent with the statutory provisions and rules already governing those proceedings.  See Fed. R. Civ. P. 81(a)(2).

The Supreme Court recently spelled out the distinction between a successive habeas petition and a Rule 60(b) motion, and

3

noted that the title appended to the motion is not determinative. See Gonzalez v. Crosby, 125 S.Ct. 2641 (2005).  A motion, even though labeled as one under Rule 60(b), will be treated as a second or successive habeas petition, and thus subject to the rules affecting successive petitions, if it raises a "claim" as that term is defined in 28 U.S.C. § 2244.  "[A] 'claim' is an asserted federal basis for relief from a . . . judgment of conviction." Gonzalez, 125 S.Ct. at 2647.[1]  If the motion attacks the validity of the criminal conviction or sentence, it is a collateral attack under § 2255, no matter what its label. Examples of such motions include those seeking to present newly discovered evidence in support of a claim previously denied, motions claiming excusable neglect for failure to raise a claim earlier, and motions contending that subsequent changes in the law warrant relief.  In each instance, such a document, "although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." Gonzalez, 125 S.Ct. at 2647.

On the other hand, if the motion attacks the integrity of the habeas *proceedings*, for example challenging the court's failure to reach the merits of the habeas petition, the motion may properly be considered to arise under Rule 60(b). Gonzalez,

---

[1] Although Gonzalez was decided in the context of a federal challenge to a **state** conviction and sentence under § 2254, its holding is no less applicable to habeas petitions which challenge **federal** convictions under § 2255.  See e.g., Yuzary v. United States, 2007 WL 4276864 (S.D.N.Y. filed Nov. 30, 2007);

4

125 S.Ct. at 2651.

    IT IS SO ORDERED.

Dated: February 13, 2008

                                    /s/ Edward J. Garcia
EDWARD J. GARCIA, JUDGE
UNITED STATES DISTRICT COURT